IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MAI LARSEN DESIGNS, | § § § | |
| *Plaintiff,* | § § | CIVIL NO. |
| vs. | § § | SA-17-CV-1084-ESC |
| WANT2SCRAP, LLC, MICHELLE PARRISH, CREATIVE SCRAP DESIGNS, | § § § § § | |
| *Defendants.* | § § | |

### ORDER ON MOTION TO DISMISS

Before the Court in the above-styled and numbered cause of action are Plaintiff and Counter-Defendants' Motion for Partial Summary Judgment or Alternatively to Exclude Evidence [#62] and Defendants' Response to Order to Show Cause and Opposed Motion to Dismiss Defendants' Counterclaims [#101]. The record reflects that this case is currently set for jury selection and trial on July 22, 2019 [#36].

On June 3, 2019, the Court issued an Order on various dispositive motions, which resulted in the Court awarding summary judgment to Defendants on all claims asserted in Plaintiff Mai Larsen Designs' Second Amended Complaint [#100]. The Court held Plaintiff and Counter-Defendants' Motion for Partial Summary Judgment [#62] in abeyance and ordered Defendants to show cause why their counterclaims for a declaratory judgment of non-infringement and claims of copyright infringement, inducing copyright infringement, and breach of contract should not be dismissed without prejudice along with Larsen's copyright infringement claim for failure to satisfy the registration requirement in the Copyright Act.

In response to the show cause order, Defendants filed their Opposed Motion to Dismiss [#101] and Larsen filed a response [#102]. By their motion, Defendants inform the Court that

1

they lack the resources to proceed to trial on their counterclaims and request an order dismissing these claims without prejudice and closing this case. Defendants request that the Court's dismissal of their counterclaims be without prejudice so that they can be reasserted in the event Larsen seeks to relitigate her copyright infringement claims in a new lawsuit in compliance with the registration prerequisite set forth in the Copyright Act. However, Defendants offer no comment on whether their declaratory judgment claim must be dismissed for failure to satisfy this administrative prerequisite and assert that the Copyright Act does not dictate dismissal of their remaining claims. In response, Larsen indicates she does not oppose dismissal of Defendants' counterclaims but asks the Court to amend its June 3, 2019 Order and dismiss all of Larsen's claims without prejudice also.

The Court will grant Defendants' motion to dismiss and dismiss Defendants' counterclaims without prejudice. However, the Court will not reconsider its merits ruling on Larsen's state law claims. Rule 59 of the Federal Rules of Civil Procedure governs Larsen's request for reconsideration. Although Larsen has not filed a proper motion for reconsideration under this rule, the Court notes that Rule 59(e) reconsideration does not serve as a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Rather, a motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), *see id.*, the Fifth Circuit cautions that reconsideration under Rule 59(e) is "an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Larsen has not presented the Court with any basis for altering its previous Order disposing of her state law claims on the merits. The Court held that Larsen's conversion claim is preempted by the Copyright Act, a legal defect independent of the viability of any claim of copyright infringement. The Court held that Larsen failed to establish an essential element of her fraud claims and failed to establish standing under the Texas Free Enterprise and Antitrust Act. These merits rulings were based on pleading and evidentiary defects unrelated to the dismissal of Larsen's copyright claim. Nothing in Larsen's response to Defendants' motion to dismiss demonstrates an error of law with respect to the Court awarding Defendants summary judgment on these claims; nor does it demonstrate why these claims should instead be dismissed without prejudice.

Finally, this Order makes no comment on Defendants' indication that they intend to move for the recovery of attorney's fees. If Defendants choose to file such a motion, they must include in the motion their claimed basis for fees. The Court will provide Larsen with the opportunity to respond and will thereafter issue a ruling on whether fees are available and warranted.

**IT IS THEREFORE ORDERED** that Defendants' Response to Order to Show Cause and Opposed Motion to Dismiss Defendants' Counterclaims [#101] is **GRANTED IN PART** such that Defendants' Counterclaims [#42] are **DISMISSED WITHOUT PREJUDICE**. In all other respects, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff and Counter-Defendants' Motion for Partial Summary Judgment or Alternatively to Exclude Evidence [#62] is **DISMISSED AS MOOT**.

**IT IS FINALLY ORDERED** that any party seeking fees in this case file such motion within 14 days of this Order.

**IT IS SO ORDERED.**

SIGNED this 20th day of June, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE