IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MAI LARSEN DESIGNS, | § § § | |
| *Plaintiff,* | § § | CIVIL NO. |
| vs. | § § | SA-17-CV-1084-ESC |
| WANT2SCRAP, LLC and MICHELLE PARRISH, | § § § § | |
| *Defendants.* | § § | |
| WANT2SCRAP, LLC, | § § | SA-18-CV-321-OLG [CONSOLIDATED CASE] |
| Counter-Plaintiffs, | § § | |
| v. | § § | |
| CREATIVE SCRAP DESIGNS, LLC, MAI LARSEN DESIGNS, and MABEL LARSEN, | § § § § § | |
| Counter-Defendants. | § | |

**ORDER ON MOTION FOR ATTORNEY'S FEES**

Before the Court in the above-styled and numbered cause of action are Defendants' Motion for Attorney Fees [#107] and Plaintiff's Response to Motion [#108]. The undersigned has authority to enter this Order as all parties have consented to the jurisdiction of a United States Magistrate Judge [#17, #18]. *See* 28 U.S.C. § 636(c)(1). In reviewing these motions and for the reasons set forth below, the Court will deny Defendants' Motion for Attorney Fees but award Defendants costs.

1

## I. Background

This case originated in the Northern District of Indiana, where Defendant Want2Scrap, LLC filed suit seeking a declaration of non-infringement of copyright and asserting claims of breach of contract, copyright infringement, and other torts against Mabel Larsen and the two unincorporated entities through which she conducts business—Mai Larsen Designs and Creative Scrap Designs. The following day, Mai Larsen Designs (hereinafter "Plaintiff") filed this action against Want2Scrap and its owner Michele Parrish (hereinafter "Defendants"), asserting claims of copyright infringement, fraud, and theft by conversion in this district. (Orig. Compl. [#1].) The Indiana court transferred the Indiana case to this division, where it was assigned the cause number 5:18-CV-321-OLG. Following the transfer, the Court consolidated the Texas and Indiana cases and designated cause number 5:17-CV-1084-OLG as the lead case. (Consolidation Order [#14].)

Plaintiff subsequently filed its First Amended Complaint [#15] in the lead case; the parties consented to the jurisdiction of a United States Magistrate Judge; and the consolidated action was transferred to the undersigned's docket on May 22, 2018 [#19]. Plaintiff filed a Second Amended Complaint on December 12, 2018 [#41], again asserting claims of copyright infringement (Count I), fraud (Count II), fraud in the inducement (Count III), theft by deception and conversion (Count IV), and conspiracy and unfair competition in violation of the Texas Free Enterprise and Antitrust Act of 1983 (Counts V and VI). In Defendants' answer to this amended pleading [#42], they asserted counterclaims against Plaintiff, Mabel Larsen, and Creative Scrap Designs, including counterclaims for declaratory judgment of non-infringement, breach of contract (against Larsen only), copyright infringement, tortious interference with business contract, unfair competition, inducing copyright infringement, and defamation.

On June 3, 2019 the Court issued an Order on various dispositive motions [#100]. The Court granted in part Defendants' Motion for Judgment on the Pleadings [#58], dismissing Plaintiff's claim of conversion (Count IV) with prejudice as preempted by the Copyright Act. Defendants' Motion for Summary Judgment [#61] was granted in part, and Defendants were awarded summary judgment on Plaintiff's claims for fraud and fraudulent inducement (Count II and III). The Court also granted Defendants' summary judgment on Plaintiff's antitrust claims (Count V and VI) because Plaintiff lacked standing to assert her antitrust claims. Lastly, the Court granted Defendants' Supplemental Motion for Summary Judgment [#96], holding Plaintiff's claim of copyright infringement (Count I) should be dismissed without prejudice for failure to obtain a copyright registration prior to filing suit in accordance with the Supreme Court's recent decision in *Fourth Estate Public Benefit Corp. v. Wall-Street.com*, LLC, 139 S. Ct. 881 (2019).

The Court held Plaintiff and Counter-Defendants' Motion for Partial Summary Judgment [#62] in abeyance and ordered Defendants to show cause why their counterclaims for a declaratory judgment of non-infringement and claims of copyright infringement, inducing copyright infringement, and breach of contract should not be dismissed without prejudice along with Plaintiff's copyright infringement claim for failure to satisfy the registration requirement in the Copyright Act. In response to the show cause order, Defendants filed their Opposed Motion to Dismiss [#101], requesting that the Court dismiss their claims without prejudice because they "lack the resources to proceed to trial." On June 20, 2019, the Court granted Defendants' motion to dismiss and ordered Defendants' Counterclaims [#42] be dismissed without prejudice and that Plaintiff's Motion for Partial Summary Judgment [#62] be dismissed as moot [#103]. On the

same day, Final Judgment was entered ordering that the parties recover nothing on their claims and counterclaims and that the action be dismissed [#104].

Defendants Want2Scrap, LLC and Michele Parish have filed a motion pursuant to Rule 54(d) for attorney's fees and costs [#107] as well as a Bill of Costs [#106]. Plaintiff did not file objections to the Bill of Costs, but they did file a response to the motion [#108], and thus Defendants' request for costs and fees is ripe for consideration.

## II. Analysis

Defendants' Motion for Attorney Fees is denied but they are entitled to their costs. Defendants have not demonstrated they are contractually or statutorily entitled to attorney's fees, but as they prevailed at summary judgment on several claims, they are presumptively entitled to costs.

**A.      Attorney's Fees**

Defendants move for their attorney's fees. Under federal law, the general rule is that a prevailing party is entitled to costs—but not attorney's fees. *See* Fed. R. Civ. P. 54(d)(1). A party moving for attorney's fees must file a motion that specifies "the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2). "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Defendants contend that under Texas law, they are entitled to attorney's fees pursuant to their Copyright License Agreement with Plaintiff and pursuant to Section 15.21(a)(3) of the Texas Free Enterprise and Antitrust Act of 1983 ("Texas Antitrust Act"). The Court disagrees on both counts.

### 1. The Copyright License Agreement

Defendants are not entitled to their fees under the Copyright License Agreement. Under Texas law, a prevailing party on a breach of contract claim can recover damages under Section 38.001(8) of the Texas Civil Practice and Remedies Code but only when it recovers damages. *See Intercontinental Group P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009). But the Texas Supreme Court has made clear that parties are "free to contract for a fee recovery standard either looser or stricter" than Section 38.001's standard. *Id.* In this case, the relevant portion of the Copyright License Agreement is Section 5(B):

> In the event it becomes necessary for either party to file a suit to enforce this Agreement or any provisions contained herein, and either party prevails in such an action, then such prevailing party shall be entitled to recover, in addition to all other remedies or damages, reasonable attorney's fees and court costs incurred in such suit.

This provision applies only to "suit[s] to enforce this Agreement." Plaintiff did not sue to enforce the Copyright License Agreement—she sued for copyright infringement under federal law, various torts under Texas law, and conspiracy and unfair competition in violation of the Texas Free Enterprise and Antitrust Act. The parties could have agreed that fees should be awarded to a prevailing party in not just a contract enforcement suit, but in any suit related to the subject matter of the contract or to any matter related to the parties' relationship, or they could have agreed to even broader language. But they did not. By its plain terms, this case does not fall within the scope of the parties' agreement regarding fees.

Defendants did assert a counterclaim for breach of contract—but voluntarily dismissed that counterclaim (and their others) after the Court requested additional briefing in light of the Supreme Court decision in *Fourth Estate*, claiming they did not have the resources to proceed to

trial. Thus, even if their counterclaim is within the scope of the fees' provision, they did not prevail on it.

Defendants also contend that this Court, in its order disposing of Plaintiff's claims, held that the Copyright License Agreement "was, indeed, valid and enforceable." (Mtn. for Fees [#107] at 7.) That is a misstatement of the Court's holding. After concluding that Plaintiff's copyright claim had to be dismissed for failure to register under *Fourth Estate*, the Court explicitly declined to reach the merits of Defendants' other arguments in support of their motion for summary judgment on the copyright claim, including its affirmative defense based on Copyright License Agreement. The Court's observations that the agreement "appears to be enforceable," and that Plaintiff had not identified a basis under state or federal law why it would not be, were just that—observations, not a holding. In short, Defendants are not entitled to fees under the Copyright License Agreement.

  **2. Texas Antitrust Act**

Defendants are not entitled to attorney's fees in this case under the Texas Antitrust Act either. A defendant is entitled to attorney's fees, costs, and other reasonable expenses if the plaintiff who sues them under the Texas Antitrust Act asserts a claim that is "groundless and brought in bad faith or for the purpose of harassment." Tex. Bus. & Comm. Code § 15.21(a)(3). A party moving for fees must prove **both** that (1) the claim was groundless, and (2) it was brought in bad faith or to harass. *See Med. Specialist Group, P.A. v. Radiology Associates, L.L.P.*, 171 S.W.3d 727, 733 (Tex. App.—Corpus Christi 2005, pet. denied) ("It would not be enough for an action to be merely groundless, brought in bad faith, or brought for the purpose of harassment. There must be a combination of groundlessness with either bad faith or harassment.").

Defendants contends that Plaintiff's antitrust claims were groundless. The only basis for this contention is that the Court granted Defendant's motion for summary judgment on these claims. The Court did conclude that Defendants were entitled to summary judgment because Plaintiff lacked standing to assert an antitrust claim. More specifically, the Court held that Plaintiff had not proffered evidence that would allow a reasonable factfinder to conclude that she had suffered an antitrust injury, and therefore she did not have standing under the Texas Antitrust Act. Plaintiff's pleadings and evidence regarding her alleged damages concerned impacts on her personally as opposed to impacts on overall competitive conditions of the relevant market. Although Plaintiff did not prevail on her antitrust claims, and Defendants were awarded summary judgment on them, the Court made no finding that Plaintiff's antitrust claims were groundless and declines to at this time. Defendants have cited no authority that would support their position that a defendant prevailing at summary judgment equates to a defendant proving that a plaintiff asserted a "groundless claim." This statute does not contain a prevailing party standard. *Cf.* Tex. Civ. Prac. Rem. Code. § 38.001.

Even if Plaintiff's antitrust claims were arguably groundless, Defendants must also demonstrate that they were brought in bad faith or to harass. Defendants did not provide any evidence to prove Plaintiff's claims were brought for the purpose of harassment or that Plaintiff acted in bad faith. In *Medical Specialist Group*, the Texas appellate court held that a defendant had not demonstrated bad faith or harassment when it submitted an affidavit that contained conclusory allegations regarding the plaintiff's motives, including that the plaintiff had failed to replead despite being ordered to, the plaintiff's attorneys had stated post-verdict that the claims were "strategic," and the plaintiff was aware the claims would cause the defendant to expend resources. *See Med. Specialist Group, P.A.*, 171 S.W.3d at 734. The record before this court

7

contains similar conclusory allegations regarding Plaintiff's motives—and here, the allegations regarding motive are conclusory and unsworn. Instead Defendants merely assert in their motion that Plaintiff brought this action "to harm Defendants," "to make Defendants pay Plaintiff money," and "to make Defendants spend money to defend objectively unreasonable claims." ([#107] at 4.) In short, Defendants have not met their burden to show that Plaintiff's antitrust claims were "groundless and brought in bad faith or for the purpose of harassment."

**B.      Costs**

Defendants contend that under Federal Rule of Civil Procedure 54(d) they are entitled to costs of $2,567.90 for a deposition transcript invoice. ([#107-8] at 2.)

Whether to award costs ultimately lies within the sound discretion of the district court. *See Marx v. General Revenue Corp.*, 568 U.S. 371, 377 (2013). Rule 54(d) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party" in an action. Taxable costs are expressly recoverable pursuant to 28 U.S.C. § 1920. Section 1920(2) authorizes recovery of costs for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Fifth Circuit recognizes "a strong presumption that the court will award costs to the prevailing party." *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992).

In the present case, although Defendants did not prevail on their counterclaims, the Court granted summary judgment to Defendants as to all of the claims asserted in Plaintiff's Second Amended Complaint. Defendants also properly filed a Bill of Costs in compliance with Local Rule CV-54(a). Thus, they are presumptively entitled to costs. *See Marx*, 568 U.S. at 377 (2013). Plaintiff has not filed objections to Defendants' Bill of Costs, nor does Plaintiff address

costs in its response to Defendants' fee motion. Therefore, Defendants are awarded costs in the amount of $2,567.90, as claimed in Defendants' Bill of Costs [#106].

### III. Conclusion

Having considered Defendants' motion, the response thereto, the governing law, and the entire record, the Court now enters the following orders:

**IT IS THEREFORE ORDERED** that Defendants' Motion for Attorney Fees [#107] is **DENIED.**

**IT IS FURTHER ORDERED that** Defendants are awarded costs in the amount of **TWO THOUSAND FIVE-HUNDRED SIXTY-SEVEN AND 90/100 ($2,567.90)**.

SIGNED this 10th day of December, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE